IN THE MATTER OF THE APPLICATION OF NICHOLAS McLAUGHLIN, JR., TO FILE HIS CERTIFICATES OF COMMENCEMENT OF CLERKSHIP NUNC PRO TUNC.

Argued June 25, 1924—Decided August 2, 1924.

The fact that a law student neglected to file a certificate of the commencement of his clerkship for forty-six days after it actually commenced, and that after his clerkship commenced the time for examinations for attorneys' licenses was changed from November to October, constitutes no reason for granting his application for permission to file an amended certificate *nunc pro tunc.*

On petition, &c.

Before Justices Trenchard, Minturn and Lloyd.

For the petitioner, *Hopkins & Herr.*

The opinion of the court was delivered by

Trenchard, J. This is an application by Nicholas McLaughlin, Jr., a law student, for leave to file an amended certificate of commencement of his clerkship *nunc pro tunc.*

The petition avers "that he actually commenced said clerkship on September 17th, 1923, but did not file the cer-

tificate promptly, because at that time the examinations were held in November, and he felt that he had ample time to file the same, and the same was not filed until November 3d, 1923; that since the filing of said certificate of commencement of clerkship, the date of the examination has been changed to October, and your petitioner therefore desires to take advantage of the time during which he actually served his clerkship prior to the filing of his certificate of commencement of clerkship," and he therefore prays "that an order may be made permitting him to file an amended certificate of clerkship, showing commencement as of September 17th, 1923, and that such amended certificate may be filed *nunc pro tunc* as of September 17th, 1923."

We are of the opinion that such application should be denied.

As amended in 1923, rule 4 of the Supreme Court declares that "no person shall be admitted to examination for license as an attorney unless he first produce to the board of bar examiners . * * * satisfactory evidence * * * that, at the commencement of the clerkship above required, he filed in the office of the clerk of the Supreme Court the certificate of the counselor with whom he is to serve, that such clerkship has begun. No clerkship shall be deemed to have commenced until such certificate shall have been filed as aforesaid; and the period of clerkship shall be computed from the actual filing of such certificate and not otherwise."

That rule, so amended, was promulgated June 5th, 1923, and by its express terms applies "to candidates beginning clerkship on and after August 1st, 1923." Accompanying the "revised rules" so promulgated June 5th, 1923, was an "introductory announcement," as follows:

"The attention of the members of the bar is especially called to the provisions requiring clerkship to be served in the office of a counselor-at-law, * * * and the rules relating to committees on character and fitness, which will require a rigid enforcement of the provisions—formerly relaxed in many cases—that certificates of commencement of clerkship must be filed as a condition precedent to credit

for service of clerkship, such service to run only from and after the filing of such certificate."

One reason for such announced intention to require a rigid enforcement of the rule now in question is plainly indicated in such introductory announcement. It is to secure the best results possible from the rules relating to committees on character and fitness requiring such several committees, so far as possible, "to keep under observation all applicants *who have filed their certificates* of commencement of clerkship in the clerk's office."

Certainly, the fact that the present petitioner neglected to file a certificate for forty-six days after he commenced his clerkship, and that after his clerkship commenced the time for examinations for attorneys' licenses was changed from November to October, constitutes no reason for granting his application for permission to file an amended certificate *nunc pro tunc.*

The question whether in other circumstances, perchance exhibiting greater hardship and not so clearly the sole fault of the candidate, the rule might be relaxed, is a question we do not now determine.

The application will be denied.